IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-30689
Summary Calendar
_____


FRED H. GOODSON,

                                        Plaintiff-Appellant,


versus

LANDMARK LAND COMPANY OF LOUISIANA, INC.,
A Subsidiary of the Resolution Trust
Corporation as Receiver for Oak Tree, FSB;
FEDERAL DEPOSIT INSURANCE CORPORATION, as
receiver for Oak Tree Federal Savings Bank,
incorrectly identified as receiver for Oak
Tree Mortgage Corporation, FSB,

                                        Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 96-CV-593
- - - - - - - - - -
June 30, 1997
Before DAVIS, EMILIA M. GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

     Fred Goodson appeals the district court's grant of

defendants' motion to dismiss Goodson's suit for lack of

jurisdiction due to Goodson's failure to exhaust administrative

remedies under 12 U.S.C. § 1821(d).  Goodson argues that because

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

his claim is for post-receivership action, the statutory administrative exhaustion prerequisite to jurisdiction does not apply.  In Home Capital Collateral, Inc. v. FDIC, 96 F.3d 760, 763-64 (5th Cir. 1996), this circuit held that the exhaustion requirement applied to claims against the RTC for post-receivership action.  The district court did not err in dismissing Goodson's suit for lack of jurisdiction due to his failure to exhaust administrative remedies.

AFFIRMED.